## Taylor, Appellant, *v.* Penn Steel Castings & Machine Company.

*Negligence—Master and servant—Patent danger—Evidence—Contributory negligence.*

A workman who stumbles over a bolt projecting from a machine at which he is at work, and falls down a nearby elevator shaft cannot recover damages from his employer for his injuries, where it appears that the bolt projected from the machine for a useful purpose, that the workman long knew of its position which was patent to everyone, that the elevator shaft was provided with a guard which the workman refrained from using because of its inconvenience, and that although he had spoken two months before to the foreman about the bolt, no promise had been made to him in reference to it.

Argued Feb. 11, 1907. Appeal, No. 122, Jan. T., 1906, by plaintiff, from judgment of C. P. Del. Co., Sept. T., 1904, No. 174, for defendant non obstante veredicto in case of Joshua C. Taylor, Administrator of the Estate of Edward L. Moudy, v. Penn Steel Castings & Machine Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $3,100. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*O. B. Dickinson,* with him *J. C. Taylor,* for appellant.—The case was for the jury : Johnson v. Bruner, 61 Pa. 58 ; Bennett v. Glass Co., 158 Pa. 120 ; Hickey v. Solid Steel Castings Co., 212 Pa. 255 ; McCarthy v. Shoneman Bros., 198 Pa. 568 ; Patterson v. R. R. Co., 76 Pa. 389 ; Brownfield v. Hughes, 128 Pa. 194 ; Reese v. Clark, 198 Pa. 312 ; Williams v. Clark, 204 Pa. 416 ; Garrity v. Casting Co., 17 Pa. Superior Ct. 623 ; Lillie v. American Car, etc., Co., 209 Pa. 161 ; Schiglizzo v. Dunn, 211 Pa. 253 ; Maines v. Harbison-Walker Co., 213 Pa. 145 ; Hughes v. Fayette Mfg. Co., 214 Pa. 282.

*W. B. Broomall,* with him *George M. Booth,* for appellee.— The appellee submits that the law applicable to the facts in this case is to be found in the following citations : Talbot v. Sims, 213 Pa. 1 ; Brownfield v. Hughes, 128 Pa. 194 ; Kupp v. Rummel, 199 Pa. 90 ; McCarthy v. Shoneman Bros., 198 Pa. 568 ; Maines v. Harbison-Walker Co., 213 Pa. 145.

OPINION BY MR. JUSTICE FELL, March 11, 1907 :

The plaintiff was employed in the defendant's mill to assist in making iron castings, and had been at this work in the same place for two years before his injury. His duty was to load cars with pig iron on the ground floor, to move the cars to an elevator, to raise them to the second floor, to move them from the elevator to a scale where they were weighed, and then to take them to furnaces. If a car contained too much iron he removed enough to reduce the load to the desired weight and placed it on a pile nearby ; if it contained too little, he made up the deficiency from this pile. The platform of the scale was five feet by six. A triangular piece, the hypothenuse of which was eighteen inches, had been removed from each corner, and at the middle of the line of the hypothenuse and two and a half inches from the opening at each corner, iron bolts had been screwed through the floor and projected from one-half to three-quarters of an inch. These bolts had been placed by the maker of the scale to support the beams below the floor on which the scale rested, in such a way that its platform would be even with the mill floor. On the night of the accident the plaintiff, while carrying a piece of iron from the car to the pile, struck his foot against one of the projecting bolts, and fell down the elevator shaft.

Judgment non obstante veredicto was entered for the defendant on the ground that there was no defect in the scale, or in the elevator ; that the projecting bolt was a part of the construction of the scale ; that it was in plain sight, and that it was known to the plaintiff. It may not have been necessary that the bolts should extend above the floor, but they were so placed by the builder in constructing the scale for a purpose deemed to be useful. The master mechanic called by the plaintiff testified that these bolts supported the whole weight of the scale, and the car with its load ; that the iron plates of the floor were strengthened by riveting iron pieces on the under sides of them ; that holes were drilled through the plates and the pieces, and the thread of the screws extended through both, and the bolts and their load were supported by them ; that the bolts were used not only to sustain the scale, but to level it by screwing them up or down. The extension of the bolts through the floor added to the strength of the support and facilitated the adjustment of the scale. It was a part of the construction, useful, if not necessary. Any danger arising from it was obvious and fully known to the plaintiff.

The elevator was constructed so that it could be inclosed by the use of iron posts at the corners and chains extending from one post to another. The posts were in place except one, which was lying on the floor by its hole, and the chains were at hand. This means of safety had been persistently disregarded by the plaintiff because of its inconvenience, and all danger from the want of guards was of the plaintiff's creation.

Some two months before the accident the plaintiff called the attention of the foreman of the room to the bolt which caused his fall, who said he would speak to the master mechanic about it. There was no promise to make any change, nor does it appear that there was any defect that it was the duty of an employer to remedy.

The judgment is affirmed.